UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**Lake Country Manufacturing Inc.**

  Plaintiff,

v.                  Case No. 2:16-cv-516

**Harbor Freight Tools USA, Inc.**

  Defendant.

## COMPLAINT

Plaintiff Lake Country Manufacturing Inc. ("Plaintiff"), for its complaint against Defendant Harbor Freight Tools USA, Inc. ("Defendant"), alleges as follows:

### Parties

1. Plaintiff is a Wisconsin corporation with its principal place of business located in this District at 950 Blue Ribbon Circle North, Oconomowoc, WI 53066.

2. Upon information and belief, Defendant is a Delaware corporation with its principal place of business at 3491 Mission Oaks Boulevard, Camarillo, California 93011 and operates a website at www.harborfreight.com.

3. Upon information and belief, Defendant has a registered agent at CSC-Lawyers Incorporating Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

### Nature of Action

4. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*.

{00959278.DOC / }

5. Plaintiff is the owner of all right, title and interest in U.S. Patent 7,669,939 ("the '939 Patent") entitled *Buffing Ball Made Of Compressible Material,* issued on May 2, 2010.

6. Plaintiff is the owner of all right, title and interest in U.S. Patent 8,029,070 ("the '070 Patent") entitled *Buffing Ball Made Of Compressible Material,* issued on October 4, 2011.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Upon information and belief, Defendant regularly conduct business in this District and has sold buffing balls that infringe the '939 and '070 patents in this District. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## COUNT I

### Claim for Infringement of the '939 Patent

9. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-8 as if fully set forth herein.

10. Defendant has manufactured, used, sold and offered to sell "abrasive balls" that infringe the '939 patent. Below are examples from Defendant's website.



11. Defendant has directly infringed and continues to infringe the '939 patent through the use, manufacture, sale, and offer for sale of the infringing abrasive balls.

12. Upon information and belief, Defendant has induced and contributorily caused infringement the '939 patent.

13. Upon information and belief, Defendant has been and is willfully infringing the '939 patent.

14. It is believed that Defendant will continue to manufacture and offer for sale the infringing abrasive balls unless enjoined from doing so, causing Plaintiff irreparable harm.

15. Defendant's conduct shows a lack of the required duty to avoid infringement of the '939 patent such that this is an exceptional case; therefore, Plaintiff should be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

16. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to enhanced damages for infringement of the '939 patent by Defendant, up to treble damages.

17. Pursuant to 35 U.S.C. § 283, Plaintiff is entitled to a preliminary and permanent injunction against further infringement of the '939 patent by Defendant.

## COUNT II

### Claim for Infringement of the '070 Patent

18. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-8 as if fully set forth.

19. Defendant has manufactured, used, sold and offered to sell "abrasive balls" that infringe the '070 patent. Below are examples from Defendant's website.



20. Defendant has directly infringed and continues to infringe the '070 patent through the use, manufacture, sale, and offer for sale of the infringing abrasive balls.

21. Upon information and belief, Defendant has induced and contributorily caused infringement the '070 patent.

22. Upon information and belief, Defendant has been and is willfully infringing the '070 patent.

23. It is believed that Defendant will continue to manufacture and offer for sale the infringing abrasive balls unless enjoined from doing so, causing Plaintiff irreparable harm.

24. Defendant's conduct shows a lack of the required duty to avoid infringement of the '070 patent such that this is an exceptional case; therefore, Plaintiff should be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

25. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to enhanced damages for infringement of the '070 patent by Defendant, up to treble damages.

26. Pursuant to 35 U.S.C. § 283, Plaintiff is entitled to a preliminary and permanent injunction against further infringement of the '070 patent by Defendant.

## Request for Relief

WHEREFORE, Plaintiff Lake Country Manufacturing Inc. demands that judgment be entered in its favor and against Defendant Harbor Freight Tools USA, Inc., as follows:

A. Adjudging that Defendant has infringed U.S. Patents 7,669,939 and 8,029,070;

B. Preliminarily and permanently enjoining Defendant from infringing U.S. Patents 7,669,939 and 8,029,070;

C. Awarding Plaintiff its damages, together with prejudgment interest, caused by Defendant's infringement;

D. Granting such other and further relief as the court may deem appropriate.

## Jury Demand

Plaintiff Lake Country Manufacturing Inc. hereby demands a jury trial of all issues of fact not admitted by the defendant.


Dated: April 28, 2016
s/Michael T. Griggs
Michael T. Griggs
BOYLE FREDRICKSON, S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
Telephone: 414-225-9755
Facsimile: 414-225-9753
*Attorneys for Plaintiff Lake Country Manufacturing Inc.*